**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

-vs-                                             Case # 5:16cr3-004

MICHAEL BERNARD GILMORE                          USM # 69829-019

                                                 Defendant's Attorney:
                                                 Thomas J. Cassidy, III (Appointed)
                                                 233 E. Beach Drive
                                                 Panama City, Florida  32401

_____

**JUDGMENT IN A CRIMINAL CASE**

The defendant was found guilty on Counts 1, 2, 3, and 4, of the second superseding indictment on July 25, 2016. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such count which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1951 | Conspiracy to Interfere with Commerce by Robbery | February 12, 2016 | 1 |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Use/Brandishing of a Firearm During a Crime of Violence and Aiding and Abetting | February 12, 2016 | 2 |
| 18 U.S.C. §§ 1951 and 2 | Interfere with Commerce by Robbery and Aiding and Abetting | August 11, 2015 | 3 |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Use/Brandishing of a Firearm During a Crime of Violence and Aiding and Abetting | August 11, 2015 | 4 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and

special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

                                        Date of Imposition of Sentence:
                                        February 16, 2017


                                        s/Robert L. Hinkle
                                        United States District Judge
                                        February 20, 2017

Case No.   5:16cr3-004

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:

**1 day on Counts 1 and 3, to run concurrently, plus**

**84 months on Count 2, to run consecutively, plus**

**300 months on Count 4, to run consecutively,**

**for a combined total of 32 years and 1 day.**

**If the defendant is convicted and sentenced to custody on any additional federal or state charge arising from these robberies, this federal sentence is to be served concurrently with the new sentence.**

The Court recommends to the Bureau of Prisons **in order of priority**:

1. **The defendant has had a heart transplant and related complications. He should be designated to a medical facility or other facility where his medical condition can be appropriately monitored and treated.**

2. **The defendant should be designated to a facility as near as possible to Atlanta, Georgia**

The defendant is remanded to the custody of the United States Marshal.

## **RETURN**

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this

judgment.

_____
UNITED STATES MARSHAL

By:_____
  Deputy United States Marshal

Case No.   5:16cr3-004

## **SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on counts 1, 2, 3, and 4, to run concurrently.**

### **MANDATORY CONDITIONS**

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 5:16-cr-00003-RH   Document 259   Filed 02/20/17   Page 6 of 12

Page 6 of 12

## **STANDARD CONDITIONS OF SUPERVISION**

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.      You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.      After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.      You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.      You must answer truthfully the questions asked by your probation officer.
5.      You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.      You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10  days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.      You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.      If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.     You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.     You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.     If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.     You must follow the instructions of the probation officer related to the conditions of supervision.

Case No.   5:16cr3-004

**U.S. PROBATION OFFICE USE ONLY**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature_____          Date _____

## **SPECIAL CONDITIONS OF SUPERVISED RELEASE**

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant must submit to testing to determine whether he is using drugs or alcohol.

2. The defendant must successfully participate in substance-abuse treatment consisting of an initial evaluation—by a probation officer or outside provider—and any further appropriate treatment. The treatment may include cognitive behavioral therapy.

3. The defendant must provide the probation officer all requested financial information, business or personal.

4. The defendant must make payments toward any unpaid restitution balance in the amount of at least $200.00 per month (or any adjusted amount set by further court order based on the defendant's ability to pay). The payments must begin within 60 days after the defendant is released from custody.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.


_____          _____
Defendant                                                                              Date




_____          _____
U.S. Probation Officer/Designated Witness                      Date

Case No.   5:16cr3-004

Case 5:16-cr-00003-RH   Document 259   Filed 02/20/17   Page 10 of 12

Page 10 of 12

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| ASESSEMENT | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|
| $400.00 | -0- | -0- | $1,499,690.97 |

The defendant must make restitution to the following payees in the amount listed below, care of The U.S. District Clerk, attn.: Financial Section, 111 N. Adams Street, Tallahassee, Florida, 32301.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Amount of Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Victim Employee "B.C." | | $1,581.00 | |
| Signet Jewelers | | $413,254.00 | |
| Allianz Global Corporate & Specialty | | $716,978.97 | |
| Reeds Jewelers | | $29,631.00 | |
| Mutual Jewelers Insurance Company | | $338,246.00 | |

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

**The restitution obligation is joint and several with the three codefendants: Abigail Lee Kemp, Lewis Jones III, and Larry Bernard Gilmore.**

## **SCHEDULE OF PAYMENTS**

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties

Payment of the total fine and other criminal monetary penalties shall be due as follows:

in full immediately

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

> **A. One Smith & Wesson Model SD40VE .40 caliber pistol, SN HEZ3919; and one magazine and 13 .40 caliber bullets;**
> **B. Two Smith & Wesson .40 caliber magazines and 27 rounds of .40 caliber ammunition;**
> **C. One Smith & Wesson model SD40VE .40 caliber pistol, SN: HEU7532, with magazine and black holster; and 13 rounds of .40 caliber ammunition, six rounds of Critical Duty .40 caliber ammunition, and 50 rounds of Blazer Brass .40 caliber ammunition;**
> **D. A Smith & Wesson model SW40VE .40 caliber pistol, SN: RAZ0854, with one magazine;**
> **E. A Heckler & Koch model VP40 .40 caliber pistol, SN: 222-009066, with two magazines;**
> **F. A Del-Ton, Inc. model DT Sport .223 caliber rifle, SN: DTI-S062692, with one magazine;**
> **G. A Mossberg model 500 12-gauge shotgun, SN: U199153;**
> **H. 14 rounds of .40 caliber ammunition (12 rounds are Hornaday Critical Duty Law Enforcement Only); 13 rounds of .40 caliber Hornaday**

Case No.  5:16cr3-004

**Critical Duty Law Enforcement Only ammunition; 13 rounds of .40 caliber ammunition; 25 rounds of .40 caliber Hornaday Critical Duty Law Enforcement Only ammunition; 32 rounds of .223 caliber ammunition; and 9 shotgun shells;**

I. **A Del-Ton, Inc. .223 caliber rifle, SN: DTI-S062691, with one magazine and 30 rifle rounds, 3 magazines and 71 .223 caliber rounds, 50 Remington .223 rifle rounds, 21 Winchester .40 caliber pistol rounds, and 1 .223 rifle round;**

J. **One Magnum Research, Inc. model Desert Eagle 9mm pistol, SN: 43370141, with magazine and 8 rounds of 9 millimeter ammunition;**

K. **$6,434.00 in United States currency; and**

L. **$544.00 in United States currency.**